_____ FILED        _____ LODGED
_____ RECEIVED     _____ COPY

JAN 2 7 2014

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

Michael Kost
7040 West Blackhawk Drive
Glendale, Arizona 85308
Pro Se Litigant
kostm@cox.net
602-214-3345

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Kost, | ) Case No.: CV-14-00146-PHX-DGC |
| Plaintiff, | ) |
| vs. | ) COMPLAINT AND DEMAND FOR JURY TRIAL |
| Scott Lowery Law Office, P.C.; and, | ) |
| Cach, LLC., | ) |
| Defendants. | ) |

## COMPLAINT

### I.   INTRODUCTION

1.   The PLAINTIFF brings this action in response to the DEFENDANTS perpetual willingness to violate the Fair Debt Collections Practices Act, hereinafter "FDCPA", 15 U.S.C. § 1692, et. seq., the Telephone Consumer Protection Act, hereinafter "TCPA", 47 U.S.C. § 227, et. seq., the Colorado Fair Debt Collections Practices Act, hereinafter "CFDCPA", C.R.S. § 12-14-101, et. seq., and Arizona Title 32, Professions and Occupations, specifically chapter 9 "Collection Agencies", A.R.S. § 32-1001, et. seq.; the PLAINTIFF wishes to secure redress against this illegal behavior.

SCANNED

## II.   JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331 because:

   a. the following claims occurred less than one year ago;

   b. the issues addressed by this complaint arise overwhelmingly in response to the DEFENDANTS violations of the FDCPA.

3. 28 U.S.C. § 1367 states this Court shall have supplementary jurisdiction because:

   a. the Court possesses original jurisdiction;

   b. all supplementary claims are intimately related or are predicated directly on the DEFENDANTS abuse of the FDCPA.

4. Venue and personal jurisdiction over the DEFENDANTS is proper and supported by 28 U.S.C. § 1391 because:

   a. the PLAINTIFF resides in the District;

   b. the DEFENDANTS conduct business in the District;

   c. a majority of the events and conduct leading to this complaint occurred in the District.

## III.   PARTIES

5. The PLAINTIFF, Michael Kost, is an individual who resides in Glendale, Arizona.

6. The PLAINTIFF is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. The Colorado Secretary of State identifies, DEFENDANT, Scott Lowery Law Office, P.C., hereinafter "Lowery Law Office", as a valid Colorado corporation with a principal address of 5680 Greenwood Plaza Boulevard, Suite 500, Greenwood Village, Colorado 80111; the registered agent for service of process is Kayla Elizabeth Liggett, found at the same Greenwood Village, Colorado facilities, however, a separate mailing

1    address of 70 Mansell Court, Suite 250, Roswell, Colorado 30076 is

2    listed.

3  8.  The Oklahoma Secretary of State identifies, DEFENDANT, Lowery Law Office,

4    as a foreign for profit corporation operating offices at 1422 East 71st

5    Street, Suite B, Tulsa, Oklahoma 74136, under the jurisdiction of the

6    State of Colorado; the registered agent for service of process at this

7    location is Nicholas Manke Tait found at the same Tulsa, Oklahoma

8    address.

9  9.  Oklahoma Statute, Title §§ 18-1130(A) and 18-1130(B)(e) define "foreign

10   corporation" as a corporation organized pursuant to the laws of any

11   jurisdiction other than Oklahoma and, that this corporation must be

12   authorized to conduct any proposed business in the jurisdiction of

13   original incorporation; the DEFENDANT, Lowery Law Office, is above all

14   else, a Colorado corporation subject first to laws established in the

15   State of Colorado regardless of the physical location of their offices.

16 10.  The CFDCPA, C.R.S. § 12-14-103(2) defines the DEFENDANT, Lowery Law

17   Office, as a "collection agency".

18 11.  Upon information and belief, DEFENDANT, Cach, LLC., is a limited

19   liability corporation registered in Colorado with a principal address of

20   4340 South Monaco Street, 2nd Floor, Denver, Colorado 80237; the

21   registered agent for service of process is listed as 'The Corporation

22   Company' found at 1675 Broadway, Suite 1200, Denver, Colorado 80202.

23 12.  Upon information and belief, DEFENDANT, Lowery Law Office, operates under

24   discretion and authority of DEFENDANT, Cach, LLC.; DEFENDANT, Cach, LLC.,

25   is therefore vicariously liable for the actions of DEFENDANT, Lowery Law

26   Office.

27 13.  Upon information and belief, Phillip Scott Lowery, aka "Scott Lowery" and

28   hereinafter referred, is a Colorado licensed attorney with bar number

1    15130; he is a corporate officer with the Lowery Law Office located in

2    Greenwood Village, Colorado.

3 14.  Upon information and belief, Nicholas Manke Tait, is an Oklahoma licensed

4    attorney with bar number 22739; he is a corporate officer with the Lowery

5    Law Office located in Tulsa, Oklahoma.

6 15.  Upon information and belief, Jessica Lauren Tait, is an Oklahoma licensed

7    attorney with bar number 30748; she is a corporate officer with the

8    Lowery Law Office located in Tulsa, Oklahoma.

9 16.  The DEFENDANTS, collectively and separately, are "debt collectors" as

10    defined by the FDCPA, 15 U.S.C. § 1692a(6).

11                         **IV.   FACTS**

12 17.  The DEFENDANT, Lowery Law Office, initiated contact with the PLAINTIFF by

13    mail on or about August 2, 2013 claiming to be "retained" by DEFENDANT,

14    Cach, LLC., to collect $19,687.66 for a debt the PLAINTIFF is allegedly

15    obligated to pay; a debt the DEFENDANTS assert was obtained from Bank of

16    America, N.A.

17 18.  On August 14, 2013, the DEFENDANT, Lowery Law Office, called the

18    PLAINTIFF'S telephone broadcasting local caller identification number

19    602-904-7642; this DEFENDANT left the following message on the

20    unidentified/unsecure, community voicemail, "This message is for Michael

21    Kost, if you are not Michael Kost please hang-up.  If you are Michael

22    Kost please listen to this message, by listening to this message you

23    acknowledge that you are Michael Kost.  Please listen to this message in

24    private as it contains private information.  My names Joseph Johnson, I'm

25    a non-attorney debt collector with the Scott Lowery Law Office.  This is

26    an attempt to collect a debt; any information obtained will be used for

27    this purpose.  It is very important that you call me back, my number is

28    855-820-5171."

19. On August 20, 2013, the United States Postal Service confirmed the DEFENDANT, Lowery Law Office, was in receipt of PLAINTIFF'S written dispute, validation of debt request, and demand to cease all future telephone communications.

20. On August 21, 2013, the DEFENDANT, Lowery Law Office, placed a call to the PLAINTIFF'S parents' home broadcasting local caller identification number 623-207-1076; the PLAINTIFF'S elderly father answered this call believing it originated locally.  The agent stated the telephone call was being recorded before identifying himself as "Anthony", a debt collector working for the DEFENDANT, Lowery Law Office; he insisted the PLAINTIFF contact him immediately, was in trouble, and that this trouble may also affect him (the Plaintiff's father).  Immediately following this communication, the PLAINTIFF'S father drove fifty miles panicked with concern for his son and whether or not his social security/credit information had been compromised.

21. On or about August 28, 2013, the PLAINTIFF received correspondence from the DEFENDANT, Lowery Law Office, this letter contained no additional information not previously provided; this document rearranged the unsubstantiated claims contained on the original collection notice, save the addition of a clause indicating this DEFENDANT had complied with necessary FDCPA validation of debt requirements.

22. On September 6, 2013, the DEFENDANT, Lowery Law Office, called the PLAINTIFF'S telephone broadcasting local caller identification number 602-396-5373; the PLAINTIFF answered believing the call may be one of his children telephoning from school.  This agent identified herself as "Katie Riffe", a debt collector working for the DEFENDANT, Lowery Law Office.  The PLAINTIFF inquired why the Lowery Law Office was refusing to honor the written cease and desist delivered to them the previous month.

1  The agent responded that ceased telephone calls had not been documented

2  on this file but, she did acknowledge receipt of the letter containing

3  the request on August 20, 2013.

4  23.  On September 9, 2013, the United States Postal Service confirmed the

5  DEFENDANT, Lowery Law Office, had received the PLAINTIFF'S second written

6  dispute; this letter specifically addressed the statutorily insignificant

7  documents provided by this DEFENDANT in response to the initial request

8  for debt validation.  The DEFENDANT was reminded compliance with the

9  FDCPA required documents in support of their claim be supplied no later

10  than September 20, 2013.

11  24.  On or about November 26, 2013, the PLAINTIFF received correspondence from

12  the DEFENDANT, Lowery Law Office, containing duplicate copies of inferior

13  documents already provided on September 3, 2013 along with a generic bill

14  of sale between Bank of America and DEFENDANT, Cach, LLC., as well as,

15  two un-itemized Bank of America credit card statements from October 2011

16  and February 2012.

### V.    CLAIMS

**CLAIM ONE - FDCPA VIOLATION**

19  25.  The PLAINTIFF hereby repeats, realleges, and incorporates by reference

20  preceding statements relevant herein.

21  26.  The FDCPA, 15 U.S.C. § 1692a(2), defines "communication" as any means of

22  conveying information regarding a debt directly or indirectly to any

23  person through any medium; this definition includes telephone calls,

24  voice recordings, and written correspondence.

25  27.  The FDCPA, 15 U.S.C. § 1692b(1), requires debt collectors communicating

26  with persons other than the consumer to state he/she is confirming or

27  correcting information concerning the location of the consumer; the

28

1   statute also obliges debt collectors to conceal the identity of his/her

2   employer unless this information is expressly requested.

3   28. On August 21, 2013, during a telephone communication with the PLAINTIFF'S

4   father, the DEFENDANTS' agent, "Anthony", volunteered he was an employee

5   of the Lowery Law Office, before he failed to confirm the consumer

6   location information already in his possession; individually either of

7   these actions violates 15 U.S.C. § 1692b(1).

8                           CLAIM TWO - FDCPA VIOLATION

9   29. The PLAINTIFF hereby repeats, realleges, and incorporates by reference

10   preceding statements relevant herein.

11   30. The FDCPA, 15 U.S.C. § 1692b(2), prohibits debt collectors communicating

12   with persons other than the consumer from divulging a consumer owes debt.

13   31. On August 14, 2013, the DEFENDANTS' agent, "Joseph Johnson", chose to

14   disclose his association with DEFENDANT, Lowery Law Office, and their

15   intent to collect a debt from the PLAINTIFF on an unsecure and

16   unidentified voicemail accessible by the PLAINTIFF'S minor children, as

17   well as, other household visitors; this action violates 15 U.S.C. §

18   1692b(2).

19                          CLAIM THREE - FDCPA VIOLATION

20   32. The PLAINTIFF hereby repeats, realleges, and incorporates by reference

21   preceding statements relevant herein.

22   33. On August 21, 2013, the DEFENDANTS' agent, "Anthony", chose to disclose

23   his position as a debt collector with the DEFENDANT, Lowery Law Office,

24   and their intent to collect a debt to the PLAINTIFF'S father violating 15

25   U.S.C. § 1692b(2).

26                          CLAIM FOUR - FDCPA VIOLATION

27   34. The PLAINTIFF hereby repeats, realleges, and incorporates by reference

28   preceding statements relevant herein.

35. The FDCPA, 15 U.S.C. § 1692c(b), prohibits debt collectors from communications with any person other than the consumer without express permission from the consumer, except in those instances covered by 15 U.S.C. § 1692b.

36. On August 21, 2013, the DEFENDANTS' agent, "Anthony", violated 15 U.S.C. § 1692c(b) by participating in an unauthorized communication with the PLAINTIFF'S father; this agent violated 15 U.S.C. § 1692b, a consequence of this action is the complete inability to assert the exception in defense of the current claim.

### CLAIM FIVE - FDCPA VIOLATION

37. The PLAINTIFF hereby repeats, realleges, and incorporates by reference preceding statements relevant herein.

38. The FDCPA, 15 U.S.C. § 1692c(c), requires debt collectors to immediately cease communication with a consumer once written notification to do so has been received.

39. On August 21, 2013, the DEFENDANTS' agent, "Anthony", chose to continue telephone collection efforts by contacting the PLAINTIFF'S father after being notified to cease such communications in writing by certified mail on August 20, 2013.  Ignoring a written cease and desist violates 15 U.S.C. § 1692c(c).

### CLAIM SIX - FDCPA VIOLATION

40. The PLAINTIFF hereby repeats, realleges, and incorporates by reference preceding statements relevant herein.

41. On September 6, 2013, the DEFENDANTS' agent, "Katie Riffe", chose to continue telephone collection efforts by contacting the PLAINTIFF after being notified to cease such communications in writing by certified mail on August 20, 2013.  Ignoring a written cease and desist violates 15 U.S.C. § 1692c(c).

**CLAIM SEVEN – FDCPA VIOLATION**

42. The PLAINTIFF hereby repeats, realleges, and incorporates by reference preceding statements relevant herein.

43. The FDCPA, 15 U.S.C. § 1692d(1), prohibits debt collectors from threatening violence or other criminal means to harm persons physically, through defamation of reputation, or action involving their property.

44. On August 21, 2013, the DEFENDANTS' agent, "Anthony", used aggressive and malicious collection techniques designed to scare or intimidate the PLAINTIFF'S father; the DEFENDANT, Lowery Law Office, chose to violate 15 U.S.C. § 1692d(1) by implying the PLAINTIFF'S father's property may be in jeopardy as a result of the PLAINTIFF'S alleged collection.

**CLAIM EIGHT – FDCPA VIOLATION**

45. The PLAINTIFF hereby repeats, realleges, and incorporates by reference preceding statements relevant herein.

46. The FDCPA, 15 U.S.C. § 1692e(3), prohibits debt collectors from false representation, misleading or deceptive actions that may suggest any individual is an attorney of that any communication is from an attorney when this is not the case.

47. A.R.S. § 32-1001 identifies the DEFENDANT, Lowery Law Office, as a collection agency.

48. A.R.S. § 32-1021 states entities wishing to conduct business as a collection agency within the State of Arizona must be licensed with the state.

49. A.R.S. § 32-1024 clarifies the licensing requirements established in A.R.S. § 32-1021 apply equally to out-of-state collection agencies wishing to conduct business within the State of Arizona.

50. According to the Arizona Department of Financial Institutions, the DEFENDANT, Lowery Law Office, is not licensed to conduct business as a collection agency within the State of Arizona.

51. A.R.S. § 32-1004 establishes special exceptions to Arizona collection agency licensing requirements; stating "attorneys at law" need not be licensed.

52. Rules of the Supreme Court of Arizona, Rule 31, Regulation of the Practice of Law, states no person shall practice law in Arizona unless that person is an active member of the state bar; further, use of the designation "attorney at law" is prohibited by any person unauthorized to practice law in the State of Arizona.

53. Upon information and belief, none of the DEFENDANTS' agents, mentioned or remaining yet unidentified, are licensed to practice law within the State of Arizona.

54. Upon information and belief, the DEFENDANT, Lowery Law Office, operates exclusively as a collection agency within the State of Arizona.  While some of their agents have obtained law degrees, none are members of the Arizona State Bar, none are permitted use of the term "attorney at law" within its borders, and none transcend collection agency licensing requirements established by Arizona Title 32.  Therefore, the DEFENDANTS use of the term "Law Office" is an undetected attempt to subvert Arizona collection agency licensing requirements and misleads consumers to believe they are communicating with attorneys rather than a collection agency.

55. On or about August 2, 2013, the PLAINTIFF received correspondence from DEFENDANT, Lowery Law Office, on letterhead reading "Scott Lowery Law Office, P.C., Attorneys and Counselors at Law, Nicholas M. Tait, Jessica L. Tait, Admitted in Oklahoma" signed, "Scott Lowery Law Office, P.C.";

this superfluous and repeated legalese is intended to deceive consumers
that the communication was in fact from an attorney and not from an
unlicensed collection agency violating 15 U.S.C. § 1692e(3).

### CLAIM NINE - FDCPA VIOLATION

56. The PLAINTIFF hereby repeats, realleges, and incorporates by reference
preceding statements relevant herein.

57. On or about August 28, 2013, the PLAINTIFF received correspondence from
DEFENDANT, Lowery Law Office, on letterhead reading "Scott Lowery Law
Office, P.C., Attorneys and Counselors at Law" signed, "P. Scott Lowery,
Attorney at Law"; this superfluous and repeated legalese is intended to
deceive consumers that the communication was in fact from an attorney and
not from an unlicensed collection agency violating 15 U.S.C. § 1692e(3).

### CLAIM TEN - FDCPA VIOLATION

58. The PLAINTIFF hereby repeats, realleges, and incorporates by reference
preceding statements relevant herein.

59. On or about November 26, 2013, the PLAINTIFF received correspondence from
DEFENDANT, Lowery Law Office, on letterhead reading "Scott Lowery Law
Office, P.C., Attorneys and Counselors at Law" signed, "Scott Lowery Law
Office, P.C., Nicholas Tait, Esq.(Admitted in Oklahoma), Jessica L. Tait,
Esq.(Admitted in Oklahoma)"; this superfluous and repeated legalese is
intended to deceive consumers that the communication was in fact from an
attorney and not from an unlicensed collection agency violating 15 U.S.C.
§ 1692e(3).

### CLAIM ELEVEN - FDCPA VIOLATION

60. The PLAINTIFF hereby repeats, realleges, and incorporates by reference
preceding statements relevant herein.

1  61.  The FDCPA, 15 U.S.C. § 1692e(10), prohibits debt collectors from using
2       false or deceptive means to collect or attempt to collect any debt or
3       obtain information concerning a consumer.
4  62.  On August 14, 2013, the DEFENDANTS' agent, "Joseph Johnson",
5       electronically altered his telephone's caller identification number by
6       transmitting 602-904-7642 to deceive the PLAINTIFF and conceal his true
7       identity by making the call appear to originate within Arizona's state
8       lines; this violates 15 U.S.C. § 1692e(10).
9                        **CLAIM TWELVE - FDCPA VIOLATION**
10 63.  The PLAINTIFF hereby repeats, realleges, and incorporates by reference
11      preceding statements relevant herein.
12 64.  On August 21, 2013, the DEFENDANTS' agent, "Anthony", electronically
13      altered his telephone's caller identification number by transmitting 623-
14      207-1076 to deceive the PLAINTIFF and conceal his true identity by making
15      the call to appear to originate within Arizona's state lines; this
16      violates 15 U.S.C. § 1692e(10).
17                      **CLAIM THIRTEEN - FDCPA VIOLATION**
18 65.  The PLAINTIFF hereby repeats, realleges, and incorporates by reference
19      preceding statements relevant herein.
20 66.  On August 21, 2013, the DEFENDANTS' agent, "Anthony", made
21      false/misleading statements to solicit the assistance of and intimidate
22      the PLAINTIFF'S father; allowing the PLAINTIFF'S father to believe that
23      his property may be adversely affected by this alleged collection
24      violates 15 U.S.C. § 1692e(10).
25                      **CLAIM FOURTEEN - FDCPA VIOLATION**
26 67.  The PLAINTIFF hereby repeats, realleges, and incorporates by reference
27      preceding statements relevant herein.
28

68. On September 6, 2013, the DEFENDANTS' agent, "Katie Riffe", electronically altered her telephone's caller identification number by transmitting 602-396-5373 to deceive the PLAINTIFF and conceal her true identity by making the call appear to originate within Arizona's state lines; this violates 15 U.S.C. § 1692e(10).

### CLAIM FIFTEEN – FDCPA VIOLATION

69. The PLAINTIFF hereby repeats, realleges, and incorporates by reference preceding statements relevant herein.

70. The FDCPA, 15 U.S.C. § 1692g(b), requires debt collectors to validate debts disputed in writing within thirty days of the initial notice; debt collectors in receipt of written disputes must cease collection activity until the consumer has received verification of debt.

71. The initial notice of debt issued by the DEFENDANT, Lowery Law Office, was dated August 2, 2013 and was received by the PLAINTIFF shortly thereafter.

72. The United States Postal Service confirms the DEFENDANT, Lowery Law Office, received the PLAINTIFF'S written request for validation of debt on August 16, 2013.

73. To date, the PLAINTIFF has yet to receive suitable documentation satisfying validation of debt standards established by precedent, such as, Jodi Fields v. Wilber Law Firm, P.C., et al. (U.S. App. Ct. 7th Dist., 2004) or is adequate to support a claim under Arizona's Statute of Frauds, A.R.S. § 44-101.

74. By failing to comply with the PLAINTIFF'S written request for validation of debt the DEFENDANT, Lowery Law Office, is in violation of 15 U.S.C. § 1692g(b).

**CLAIM SIXTEEN - FDCPA VIOLATION**

75. The PLAINTIFF hereby repeats, realleges, and incorporates by reference preceding statements relevant herein.

76. The DEFENDANTS' agent, "Anthony", violated 15 U.S.C. § 1692g(b) by contacting the PLAINTIFF'S father by telephone on August 21, 2013.

**CLAIM SEVENTEEN - FDCPA VIOLATION**

77. The PLAINTIFF hereby repeats, realleges, and incorporates by reference preceding statements relevant herein.

78. The DEFENDANTS' agent, "Katie Riffe", violated 15 U.S.C. § 1692g(b) by contacting the PLAINTIFF on September 6, 2013.

**CLAIM EIGHTEEN - TCPA VIOLATION**

79. The PLAINTIFF hereby repeats, realleges, and incorporates by reference preceding statements relevant herein.

80. The TCPA, 47 U.S.C. § 227(e)(1), states that it is unlawful for any person to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value.

81. The TCPA, 47 U.S.C. 227(e)(2), grants entities using IP-enabled voice devices permission to block receipt of their caller identification information.

82. On August 14, 2013, the DEFENDANTS' agent, "Joseph Johnson", chose to illegally telephone the PLAINTIFF displaying an electronically altered caller identification number.  Despite having legal alternatives authorizing him to block the true origin of the call should he wish to remain anonymous, the DEFENDANTS decided to overtly deceive the PLAINTIFF by displaying 602-904-7642, a fictitious Arizona telephone number; this action violates 14 U.S.C. § 227(e)(1).

1

**CLAIM NINETEEN - TCPA VIOLATION**

2   83.  The PLAINTIFF hereby repeats, realleges, and incorporates by reference

3        preceding statements relevant herein.

4   84.  On August 21, 2013, the DEFENDANTS' agent, "Anthony", chose to illegally

5        telephone the PLAINTIFF displaying an electronically altered caller

6        identification number.  Despite having legal alternatives allowing him to

7        block the true origin of the call should he wish to remain anonymous, the

8        DEFENDANTS decided to overtly deceive the PLAINTIFF by displaying 623-

9        207-1076, a fictitious Arizona telephone number; this action violates 14

10       U.S.C. § 227(e)(1).

11

**CLAIM TWENTY - TCPA VIOLATION**

12   85.  The PLAINTIFF hereby repeats, realleges, and incorporates by reference

13       preceding statements relevant herein.

14   86.  On August 21, 2013, the DEFENDANTS' agent, "Katie Riffe", chose to

15       illegally telephone the PLAINTIFF displaying an electronically altered

16       caller identification number.  Despite having legal alternatives allowing

17       her to block the true origin of the call should she wish to remain

18       anonymous, the DEFENDANTS decided to overtly deceive the PLAINTIFF by

19       displaying 602-396-5373, a fictitious Arizona telephone number; this

20       action violates 14 U.S.C. § 227(e)(1).

21

**CLAIM TWENTY-ONE - CFDCPA VIOLATION**

22   87.  The PLAINTIFF hereby repeats, realleges, and incorporates by reference

23       preceding statements relevant herein.

24   88.  The CFDCPA, C.R.S. § 12-14-103(2), defines the DEFENDANT, Lowery Law

25       Office, as a collection agency.

26   89.  The CFDCPA, C.R.S. §§ 12-14-115(1)(a) and 12-14-118, state it is unlawful

27       for any person to conduct business as a collection agency without first

28       obtaining a Colorado collection agency license.

90. The CFDCPA, C.R.S. § 12-14-115(1)(b), prohibits any collection agency from conducting business by any other name than is licensed.

91. According to the Colorado Collection Agency Board, the DEFENDANT, Lowery Law Office, is not licensed in the State of Colorado as a collection agency.

92. On or about August 28, 2013, the DEFENDANT, Lowery Law Office, sent correspondence to the PLAINTIFF on letterhead containing the Greenwood Village, Colorado address.

93. The DEFENDANT, Lowery Law Office, is a collection agency operating offices in Greenwood Village, Colorado, without appropriate Colorado license; this violates C.R.S. §§ 12-14-115(1)(a) and 12-14-118.

## CLAIM TWENTY-TWO – ARIZONA TITLE 32 VIOLATIONS

94. The PLAINTIFF hereby repeats, realleges, and incorporates by reference preceding statements relevant herein.

95. The DEFENDANT, Lowery Law Office, is not an Arizona licensed collection agency conducting business in the State of Arizona; these actions violate A.R.S. §§ 32-1021, 32-1024, and 32-1055.

## CLAIM TWENTY-THREE – ARIZONA TITLE 32 VIOLATIONS

96. The PLAINTIFF hereby repeats, realleges, and incorporates by reference preceding statements relevant herein.

97. A.R.S. § 32-1051(6), prohibits all who shall be licensed as a collection agency in the State of Arizona, except for attorneys licensed to practice law, from using letterhead, literature, slogans, or statements inferring a collection agency practices law of maintains a legal department.

98. On or about August 2, 2013, the PLAINTIFF received correspondence from the DEFENDANT, Lowery Law Office, on letterhead reading "Scott Lowery Law Office, P.C., Attorneys and Counselors at Law, Nicholas M. Tait, Jessica

1    L. Tait, Admitted in Oklahoma" signed, "Scott Lowery Law Office, P.C.";

2    this superfluous and repeated legalese violates A.R.S. § 32-1051(6).

**CLAIM TWENTY-FOUR – ARIZONA TITLE 32 VIOLATIONS**

99.  The PLAINTIFF hereby repeats, realleges, and incorporates by reference

preceding statements relevant herein.

100. On or about August 28, 2013, the PLAINTIFF received correspondence from

the DEFENDANT, Lowery Law Office, on letterhead reading "Scott Lowery Law

Office, P.C., Attorneys and Counselors at Law" signed, "P. Scott Lowery,

Attorney at Law"; this superfluous and repeated legalese violates A.R.S.

§ 32-1051(6).

**CLAIM TWENTY-FIVE – ARIZONA TITLE 32 VIOLATIONS**

101. The PLAINTIFF hereby repeats, realleges, and incorporates by reference

preceding statements relevant herein.

102. On or about November 26, 2013, the PLAINTIFF received correspondence from

the DEFENDANT, Lowery Law Office, on letterhead reading "Scott Lowery Law

Office, P.C., Attorneys and Counselors at Law" signed, "Scott Lowery Law

Office, P.C., Nicholas Tait, Esq. (Admitted in Oklahoma), Jessica L.

Tait, Esq. (Admitted in Oklahoma)"; this superfluous and repeated

legalese violates A.R.S. § 32-1051(6).

**VI.   REQUEST FOR RELIEF**

WHEREFORE, the PLAINTIFF respectfully requests a judgment in his favor and

against the DEFENDANTS as follows:

103. The PLAINTIFF requests the DEFENDANTS' conduct be declared a violation of

the FDCPA; for noncompliance with the following:  one violation of 15

U.S.C. § 1692b(1); two violations of 15 U.S.C. § 1692b(2); one violation

of 15 U.S.C. § 1692c(b); two violations of 15 U.S.C. § 1692c(c); one

violation of 15 U.S.C. § 1692d(1); three violations of 15 U.S.C. §

1  1692e(3); four violations of 15 U.S.C. § 1692e(10); and three violations

2  of 15 U.S.C. § 1692g(b).

3  104. The PLAINTIFF requests the DEFENDANTS' conduct be declared a violation of

4  the TCPA; for three violations of 47 U.S.C. § 227(e)(1).

5  105. The PLAINTIFF requests the DEFENDANTS' conduct be declared a violation of

6  the CFDCPA; for noncompliance with C.R.S. §§ 12-14-115(1)(a) and 12-14-

7  118.

8  106. The PLAINTIFF requests the DEFENDANTS' conduct be declared a violation of

9  Arizona Title 32, Professions and Occupations; for noncompliance with the

10  following:  one violation of A.R.S. § 32-1021; one violation of A.R.S. §

11  32-1024; one violation of A.R.S. § 32-1055; and three violations of

12  A.R.S. § 32-1051(6).

13  107. The PLAINTIFF requests the DEFENDANTS be ordered to pay him statutory and

14  punitive damages in the amount of $29,500.00 derived as follows:

15  a. Statutory damages of $1,000.00 for each FDCPA violation pursuant to

16  15 U.S.C. § 1692k(2).

17  b. Statutory damages of $1,500.00 for each intentional TCPA violation

18  pursuant to 47 U.S.C. § 227(c)(5).

19  c. Statutory damages of $1,000.00 for each CFDCPA violation pursuant to

20  C.R.S. § 12-14-113(2); this request is in compliance with C.R.S. §

21  12-14-113(6) as no unjust compensation from duplicate FDCPA damages

22  are sought.

23  d. Punitive damages, consistent in manner and amount as established by

24  the FDCPA, of $1,000.00 for each Arizona Title 32 violation.

25  108. The PLAINTIFF requests the DEFENDANTS be ordered to reimburse him for the

26  cost of this action as prescribed by 15 U.S.C. § 1692k(a).

27  109. The PLAINTIFF requests permanent injunctive relief, forbidding all named

28  DEFENDANTS and unidentified conspirators from selling, transferring,

1    reporting, or otherwise assigning the alleged referenced account herein

2    to any other collection agency, debt collector, reseller, or Credit

3    Reporting Agency.

4  110. The PLAINTIFF requests temporary injunctive relief, forbidding all named

5    DEFENDANTS and unidentified conspirators from conducting business as a

6    collection agency or as debt collectors until a Colorado license is

7    obtained or the principal office located in Greenwood Village, Colorado

8    has been relocated to a state without such requirements.

9  111. The PLAINTIFF requests temporary injunctive relief, forbidding all named

10   DEFENDANTS and unidentified conspirators from operating a collection

11   agency or employing debt collectors deployed to collect debts within the

12   State of Arizona until a Arizona collection agency license is obtained or

13   the agents for the DEFENDANTS possessing a Juris Doctorate have been

14   admitted to the Arizona Bar and express complete willingness to

15   personally administer all agency business within the state since the

16   licensing waiver extended to practicing attorneys would not eliminate the

17   need for non-attorney employees continuing to perform duties as debt

18   collectors from becoming licensed.

19  112. The PLAINTIFF requests any other relief deemed appropriate by this Court.

20                              **VII.   DEMAND FOR JURY TRIAL**

21  113. The PLAINTIFF hereby respectfully requests a jury trial on all issues

22   raised in this complaint.

23

24                              Dated this 27th Day of January, 2014

25                              _____

26                              Michael Kost
                                Plaintiff is Pro Se

27

28