**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Kost,<br><br>              Plaintiff,<br><br>v.<br><br>Scott Lowery Law Office PC, et al.,<br><br>              Defendants. | No. CV14-00146-PHX-DJH<br><br>**ORDER** |

Defendants Scott Lowery Law Office, P.C. ("SLLO") and CACH, LLC ("Cach") have filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 14.) The motion is fully briefed and no party has requested oral argument. The Court will deny the Defendants' motion.

**I.      Background.**

SLLO contacted Plaintiff by phone on August 2, 2013 and August 14, 2013, claiming to have been retained by Cach to collect a $19,687.66 debt owed by Plaintiff. Doc. 1, ¶¶ 17-18. Plaintiff also received collection notices in the mail. *Id*., ¶ 21. Soon thereafter, Plaintiff sent SLLO a letter that included a written dispute, a validation of debt request, and a demand to cease all future telephone communications. *Id*., ¶ 19. The United States Postal Service confirmed that this correspondence was received on August 20, 2013. *Id*. Nevertheless, on August 21, 2013, SLLO contacted Plaintiff's parents by phone and spoke to Plaintiff's elderly father. *Id*., ¶ 20. SLLO's agent informed Plaintiff's father that Plaintiff was in trouble, that this trouble might affect

Plaintiff's father, and that Plaintiff needed to contact SLLO immediately. *Id*. Plaintiff's father feared that Plaintiff's personal information had been compromised. As a result, he panicked and drove fifty miles to see his son. *Id*.

On August 28, 2013, Plaintiff received a letter from SLLO repeating claims that had already been asserted in a previous collection notice. *Id*., ¶ 21. On September 6, 2013, SLLO again contacted Plaintiff by phone in an attempt to collect the debt. *Id*., ¶ 22. Plaintiff asked the agent why SLLO was refusing to honor Plaintiff's request to cease all telephone communications contained in the August 20, 2013 letter. *Id*. The agent acknowledged receipt of the letter, but stated that no request to cease telephone communication had been documented. *Id*. As a result, Plaintiff sent a second letter to SLLO demanding a stop to all future telephone communication. *Id*., ¶ 23. The United States Postal Service confirmed receipt of the second letter on September 9, 2013. *Id*.

Plaintiff received correspondence from SLLO on November 26, 2013 containing the following documents: duplicate copies of documents already provided on September 3, 2013; a bill of sale between Bank of America and Cach; and two un-itemized Bank of America credit card statements from October 2011 and February 2012.

Plaintiff instituted this action on January 27, 2014, asserting 25 claims, including violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*, the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, the Colorado Fair Debt Collection Practices Act ("CFDCPA"), C.R.S. § 12-14-101, *et. seq.*, and the Arizona Collection Agency statute ("ACA"), A.R.S. § 32-1001, *et. seq*.

Plaintiff's complaint alleges that Phillip Scott Lowery is a licensed attorney (Doc. 1, ¶ 13) and that SLLO is a valid Colorado corporation (Doc. 1, ¶ 7).

**II.   Legal Standard.**

In resolving a motion for judgment on the pleadings, the Court inquires whether the complaint at issue contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *Cafasso v. General Dynamics C4 Sys.*,

637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (finding *Iqbal* applies to Rule 12(c) motions because Rule 12(b)(6) and Rule 12(c) motions are functionally equivalent). The Court may find a claim plausible when a plaintiff pleads sufficient facts to allow the Court to draw a reasonable inference of misconduct, but the Court is not required "to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

**III.   Analysis.**

   **A.   Federal Claims.**

Defendants argue that Plaintiff's federal claims should be dismissed because "Defendants have offered the Plaintiff full relief in response to his allegations, thereby mooting his claims and extinguishing any interest he has in the litigation." Doc. 14 at 1, 6-7. Plaintiff argues that Defendants' Rule 68 offer of judgment did not offer him all of the relief sought in his complaint. Doc. 15 at 10. Plaintiff disputes Defendants' assertion that "it is undisputed that [Plaintiff] could not be awarded more than the amount offered to him by the Defendants." Doc. 14 at 7. Because a Rule 68 offer of judgment cannot moot a case in the Ninth Circuit, the parties' dispute about whether Defendants offered Plaintiff all of the relief he sought in the complaint is immaterial.

Defendants cite no authority for their argument that an unaccepted Rule 68 offer renders Plaintiff's claim moot. Many courts have addressed Defendants' argument and a clear majority of circuits have accepted it. *See Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1243 (10th Cir. 2011); *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574 (6th Cir. 2009); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 (5th Cir. 2008); *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991). The Ninth Circuit, however, has unambiguously rejected Defendants' argument and held that an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim does not render that claim moot. *Diaz v. First Am. Home Buyers Prot. Corp.*, 732 F.3d 948, 953-55 (9th Cir. 2013). Thus, Plaintiff's failure to

1 accept Defendants' Rule 68 offer of judgment – whether Defendant's offer was for full or
2 only part of the relief sought in the complaint – cannot moot this case. The Court will
3 deny Defendants' motion as to the federal claims.

### B.    Arizona Claims.

Under the ACA, the Superintendent of the Arizona Department of Financial Institutions is authorized to issue licenses to, and generally regulate the conduct of, "collection agencies." *See* A.R.S. § 32-1001, *et seq*. The statute provides for prosecution by "the prosecuting officer" of the county or city in which a violation occurs when a collection agency operates without a license or operates in a manner that violates the rules adopted by the Superintendent. A.R.S. § 32-1057. Defendants argue that Plaintiff may not bring a claim under the ACA because the statutory scheme provides no private cause of action. Doc. 14 at 5; *see* A.R.S. § 32-1057(A) ("The prosecuting officer of a county or city shall prosecute all violations of this chapter within his jurisdiction."); *Sparlin v. Select Portfolio Servicing, Inc.*, No. CV 11-00240-TUC-CKJ, 2012 WL 527486, at * 11 (D. Ariz. Feb. 17, 2012) (citation omitted) ("Neither the applicable Arizona statutes nor regulations provide for an independent private right of action for violation of the [ACA]."). Plaintiff rejoins that although the ACA appears to authorize public enforcement only, the Court may imply a private right of action pursuant to *Cort v. Ash*, 422 U.S. 66 (1975). Doc. 15 at 5.

In *Cort*, the Supreme Court held that a court may imply a private cause of action from a federal statute under limited circumstances. *Cort*, 422 U.S. at 78-85. *Cort* does not apply on these facts because the Arizona claims are not based on a federal statute. Therefore, the Court must determine whether Arizona courts would imply a private right of action.

Arizona courts have implied private rights of action in other statutory schemes, *see, e.g.*, *Transamerica Financial Corporation v. Superior Court In and For Maricopa County*, 761 P.2d 1019 (Ariz. 1988) (finding an implied private right of action to enforce the Arizona Consumer Loan Act), but they have not yet decided whether a private right

- 4 -

of action should be implied in the context of the ACA. According to A.R.S. § 32-1057(A), the prosecuting officer of a county or city "shall prosecute all violations" of the ACA "occurring within his jurisdiction." Contrary to Defendants' argument, the obligatory language in A.R.S. § 21-1057(A) does not clearly proscribe private enforcement of the ACA; instead, it appears to compel county and city prosecutors to enforce the statute. Because the Arizona legislature "neither expressly granted nor prohibited a private right of action," the Court must determine whether the context of the ACA, the language used, the subject matter, the effects and consequences, and the spirit and purpose of the law implies a private right of action. *Chavez v. Brewer*, 214 P.3d 397, 406 (Ariz. 2009) (citing *Transamerica*, 761 P.2d at 1020). This inquiry "more broadly implies" private rights of action than the federal standard, and focuses primarily on whether a plaintiff is part of "the class for whose especial benefit" the statute was adopted rather than an "incidental" beneficiary of the statute. *Id*. at 405-06; *see also Sullivan v. Pulte Home Corp.*, 290 P.3d 446, 454 (Ariz. Ct. App. 2012).

The overall purpose of the ACA is to regulate collection agencies and ensure that they do not use coercive techniques to exploit indebted Arizonans. To achieve this goal, the legislature enacted statutory provisions requiring collection agencies to register in Arizona and constrain their debt collection practices. *See* A.R.S. §§ 32-1021 to 1055. Defendants contacted Plaintiff, who is an Arizonan, seeking to collect outstanding debts. Because Plaintiff is a member of "the class for whose especial benefit" the ACA was adopted, the Court holds that Plaintiff has an implied right to maintain his claims for relief under the ACA. Accordingly, the Court will deny Defendants' motion as to the Arizona claims.

### C. Colorado Claims.

In his complaint, Plaintiff asserts that SLLO violated the CFDCPA by conducting business as a collection agency without a license. Doc. 1, ¶¶ 87-93. Defendants argue that the CFDCPA claim must be dismissed because SLLO is not required to maintain a Colorado collection agency license. Doc. 14 at 5-6; *see* C.R.S. § 12-14-103(2)(e)

(excepting attorneys from the licensing requirement). Plaintiff argues that while § 12-14-103(2)(e) may exempt an individual "attorney-at-law" from the licensing requirement, it does not authorize a lawyer to operate "a full-fledged collection agency, where autonomous collection agents work without attorney oversight." Doc. 15 at 4.

Colorado Rule of Civil Procedure 265 permits attorneys to form professional companies through which they may render legal services. Rule 5.3 of the Colorado Rules of Professional Conduct (C.R.P.C.) permits attorneys to employ or retain non-attorneys to support the attorneys' practice of law, but those non-attorneys may not practice law (*see* C.R.P.C. 5.5). Defendants argue that SLLO's non-attorney employees may engage in debt collection activities without a license because Lowery is an attorney. Defendants analogize the work that non-attorney employees perform for a law firm to the debt collection activities that SLLO's non-attorney employees perform for SLLO. Doc. 16 at 2. This analogy is not persuasive. While a law firm's non-attorney employees may not engage in the practice of law, SLLO's non-attorney employees do engage in debt collection activities, such as contacting debtors and demanding payment. In fact, SLLO's non-attorney employees appear to function as "debt collectors" (C.R.S. § 12-14-103(7)) or "solicitors" (C.R.S. § 12-14-103(10)) who are persons employed by collection agencies within the statutory scheme. The Court cannot find, and Defendants have failed to cite, a statute or case supporting Defendants' suggestion that the attorney exception extends to non-attorney employees of SLLO. The Court will therefore deny Defendants' motion as to the Colorado claims.[1]

///

///

///

---

[1] Defendants argue for the first time in their reply that the CFDCPA does not provide a private right of action for injunctive relief and that duplicate monetary recovery cannot be obtained under the CFDCPA and the FDCPA. Doc. 16 at 2-3. The Court will not consider arguments raised for the first time in a reply brief. *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 843 n.6 (9th Cir. 2004).

**IT IS ORDERED** that Defendants' motion for judgment on the pleadings (Doc. 14) is **denied**.

Dated this 10th day of July, 2014.

_____
Honorable Diane J. Humetewa
United States District Judge